IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 13 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNIQUE SPORTS PRODUCTS, INC., a
Georgia corporation,

    Plaintiff,

v.

WILSON SPORTING GOODS CO., a
Delaware corporation,

    Defendant.

CIVIL ACTION NO.

1:05-CV-1816-JEC

## ORDER

Presently pending in this case are the following motions: plaintiff's Motion for Preliminary Injunction [3] and plaintiff's Motions for Expedited Discovery [5] and [6].

With respect to plaintiff's Motion for Expedited Discovery [5] and [6], these appear to be duplicative motions in which the plaintiff had sought expedited discovery. As discovery is now underway, these motions are **DENIED AS MOOT**.

With respect to plaintiff's Motion for Preliminary Injunction [3], which was filed at the initiation of the case by plaintiff, the Court concurs with defendant that plaintiff has failed to show irreparable harm, as defendant indicates that it has ceased the activities that plaintiff claims to constitute trademark infringement. Although defendant may not have withdrawn all the

AO 72A
(Rev.8/82)

offending products still on the market, the Court does not deem this omission to create the level of harm that would warrant the Court to expedite these proceedings and effectively conduct a trial on the merits in advance of the conclusion of discovery. To the extent that defendant does not withdraw offending products immediately, defendant risks the assessment of greater damages, as well as increased litigation costs necessitated by the Court and plaintiff having to grapple with the economic impact of these products remaining in the market.

Finally, as noted, discovery is ongoing and the Clerk's docket entry indicates that discovery will expire on March 10, 2006. *See* Docket Entry No. 23. In their proposed Joint Preliminary Report and Discovery Schedule [21], however, the parties have requested an extended discovery period (J. Rep. 8). Assuming that this need still exists, the Court directs the parties, within **ten (10) days**, to submit a Proposed Scheduling Order that incorporates the additional time that they seek.

SO ORDERED, this \_\_\_\_ day of January, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE