# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **UNIQUE SPORTS PRODUCTS, INC.,** a Georgia corporation, )<br>)<br>)<br>) | |
| **Plaintiff,** )<br>)<br>) | **CIVIL ACTION FILE NO. 1:05-CV-1816-JEC** |
| **v.** )<br>) | |
| **WILSON SPORTING GOODS CO.,** a Delaware corporation, )<br>)<br>) | |
| **Defendant.** | |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO COMPEL
## DISCOVERY FROM PLAINTIFF REGARDING ALLEGED DAMAGES

Defendant Wilson Sporting Goods Co. ("Wilson") moves the Court to compel Plaintiff Unique Sports Products, Inc. ("Unique") to provide a full and complete response to Unique's mandatory initial disclosures and to other requests for discovery regarding its alleged damages and claims for relief.  Or, in the alternative, Wilson asks the Court to limit Plaintiff's potential claim to the amounts for which evidence was provided during the course of discovery.  See Fed. R. Civ. P. 37(a), (c)(1).[1]

---

[1] Defendant's Rule 37 Certificate of Good Faith Conference is filed herewith as Exhibit A.

## I.  PRELIMINARY STATEMENT

Unique brought this action in July 2005, seeking an unspecified amount of damages.  (See, e.g., Pl.'s Verified Compl. ¶¶ 32, 38, 42, 49, 55, 64 [Docket No. 1].)  Until Unique supplemented its Initial Disclosures on June 27, 2006, Wilson had absolutely no calculation of what damages Unique was seeking.  Unfortunately, even with Unique's Supplemental Initial Disclosures, Wilson still cannot assess the accuracy of any damages claim that Unique might have.[2]

Wilson has made repeated requests for the information, to no avail.  Instead, when asked at his deposition, Unique's president simply responded that, "I just want to be made whole,"  (Dep. Tr. of Eugene Niksich at 246 (excerpt filed herewith as Ex. H).)  Making Unique "whole" apparently includes paying him and Unique a whole host of items, including attorneys' fees, expenses, lost profits, and other items.  On each of these aspects of the relief sought (but particularly attorneys' fees, lost profits, and any other claims), Unique's required disclosures and discovery responses have been completely inadequate in that, even most recently, with respect to its alleged lost profits, Unique has disclosed only rounded

---

[2]   By moving to compel on the issue of damages alone, Wilson does not concede and vigorously disputes that a finding of liability would be appropriate on the merits.

numbers without any computation whatsoever, no evidence whatsoever.  As a result, Wilson is unable to defend against Unique's alleged damages claims.

Accordingly, Wilson asks this Court either to direct Unique to "provide a computation of any category of damages claimed" in accordance with LR 26.1, N.D. Ga. – and allow Wilson to depose Unique's corporate representative about the information provided – or to limit Plaintiff's evidence as provided by Federal Rule of Civil Procedure ("Rule") 37(c)(1).

## II.  ARGUMENT AND CITATION OF AUTHORITIES

The Rules could not be clearer – a plaintiff has the absolute obligation to provide full disclosure of the damages it is seeking and all documents supporting that claim.  See LR 26.1(B)(1), App. B; Fed. R. Civ. P. 26, 26(e), and 37(c)(1).[3]

---

[3]    Rule 37(c)(1) provides that

> A party that without **substantial** justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is **not**, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

3

Unique, however, has continued to claim that it cannot set forth its damages claim because discovery was not yet complete.  (See Pl.'s Initial Discl. at 8 (filed herewith as Ex. B); Pl.'s Suppl. Initial Discl. at 8 (attachment D) (filed herewith as Ex. C); Pl.'s. Resp. to Def.'s First Interrogatories at 10-11 (filed herewith as Ex. D); and Pl.'s Resp. to Def.'s First Req. for Prod. at 9-10 (filed herewith as Ex. E.) Although such an explanation is hardly sufficient for failing to provide what information it did have available, discovery in this case closed on July 10, 2006. Unique has no more excuses.

### A. Plaintiff's Responses and Supplemental Responses to the Initial Disclosures are Unacceptable.

Appendix B to LR 26.1 requires a plaintiff to respond to the following initial disclosure:

> [P]rovide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Rule 37(c)(1) (emphasis added).

Unique responded to the mandatory disclosure as follows on September 28, 2006:

> Plaintiff is seeking an accounting of all Defendant's profits derived from Defendant's misconduct.  Plaintiff's financial losses due to Defendant's activities; treble damages as a result of Defendant's willful trademark infringement; punitive damages in an amount to be determined by the trier of fact; attorneys' fees; and the costs of this action and Wilson's precipitously filed Illinois action.[4]  In addition, Unique has claimed by way of monetary recovery, Defendant's unjust enrichment.
>
> Documents regarding the extent of Defendant's profits are in Defendant's possession.[5]  Unique cannot determine its actual damages, its attorneys' fees, or the costs of this action at this time.  Plaintiff expressly reserves the right to supplement this list as discovery proceeds.

(Pl.'s Initial Discl. at 8 (Ex. B).)

---

[4]   Wilson notes for the Court that the U.S. District Court for the Northern District of Illinois rejected Unique's request for attorney's fees when made directly to that Court.  Wilson Sporting Goods Co. v. Unique Sports Products, Inc., Civ. Action No. 1:05-CV-04027, Docket No. 37 (N.D. Ill. Nov. 8, 2005) (filed herewith as Ex. F).

[5]   Wilson provided to Unique all relevant documents that demonstrate its profits, both in discovery and in connection with its efforts to settle this litigation by paying to Unique all of Wilson's profits.  Unique refused that settlement offer, insisting on the payment of attorneys' fees and other damages.  Thus, it is the attorneys' fees and other alleged damages that Wilson must have discovery about to defend against Unique's claims; indeed, upon information and belief, the dollar amount of the claim for attorneys' fees vastly exceeds any claim for lost profits or any equitable claim for profits earned by Wilson.

AT1 32339962.1

On June 27, 2006, Unique "supplemented" its response with the following

disclosure:

> Plaintiff seeks damages in the amount of $250,589.80 (with that amount to be trebled) plus reimbursement of its attorneys' fees and expenses.  Plaintiff's computation is based on the sales profits of Wilson's [70 Ball Pickup] for the year 2005.[6] Plaintiff relied on the following documents produced by Defendant for determining damages:  W0502-0558.  Plaintiff also seeks separately its own lost profits in the amount of $100,000 (with that amount to be trebled).

(Pl.'s Suppl. Initial Discl. Attach. D (Ex. C).)

"Defendant is entitled to a clear articulation of the damages Plaintiff alleges

in this case.  The [discovery] propounded by Defendant seeks a clear statement of

Plaintiff's damages and **is a proper question which is required to be answered**."

Automated Techns. v. Knapp Logistics & Automation, Inc., 382 F. Supp. 2d 1368,

1370 (N.D. Ga. 2005) (emphasis added).  Unique has failed to provide the

mandatory articulation of damages.

First, the claim of alleged lost profits of $100,000 is unsubstantiated; Unique

seems to have picked this number at random as Unique has not pointed to a single

piece of paper that would support the contention.  Unique's lump sum, rounded

---

6   Wilson reserves its defenses to Unique's calculation of Wilson's alleged profits, which is not properly limited in time and thus is not accurate.

number claim cannot be sufficient to satisfy its discovery obligation either under

LR 26.1, or Rules 26, 30(b)(6) or 37(c)(1).

Second, Unique has not provided any explanation for why it believes it is

entitled to the Wilson's sales revenue ($250,589.80) for all 70 Ball Pickups during

2005, regardless of whether the packaging reflected Pete Sampras's image; the

relevant time period involved is January 1, 2005 through May 25, 2005.[7]   Unique

should be required to provide an explanation for its calculation.

Finally, any other damages claims also remain a mystery.  For example,

there is absolutely no computation of, or support for, the claim for "its attorneys'

fees and expenses."  Unique is claiming the right to fees under 15 U.S.C. § 1125(a)

(awarding attorneys' fees in "exceptional cases").  Unique has included the

demand for attorneys' fees in its Verified Complaint and as an element of its

damages in discovery responses, but has failed to fulfill its obligation to support

that demand with evidence.  Thus, the Court should compel Unique to produce this

information immediately.

---

[7]   After May 25, 2005, the packaging for Wilson ball hoppers reflected the image
of Roger Federer rather than Pete Sampras.

ATI 32339962.1

**B. Unique Failed To Prepare A Corporate Representative To Testify About Damages.**

Wilson served on Unique a Notice of Deposition for a Rule 30(b)(6)

corporate representative with the following topic request:

> 10.  All damages claimed by Unique against Wilson in this
> action and  the specific and complete basis for each element of
> claimed damages.

(Second Am. Not. of Rule 30(b)(6) Dep. (filed herewith as Ex. G).)  During the

subsequent deposition of Unique's corporate representative (and president), the

following exchange occurred:

> Q:  Okay.  Let's go to Number 10, damages claimed by Unique
> against Wilson in this action and the specific and complete
> basis for each element of claimed damages.  Now, I know
> you're probably going to tell me that you've already testified
> that you want to be made whole and I understand that that's
> your contention in this case.
>
> A:  It's not a contention.
>
> Q:  Okay.  Well, whatever it is, I understand that but I need to
> understand now what's the bottom line dollar amount that
> you're going to ask for at trial.[8]
>
> . . . .

---

[8]  Unique's counsel interposed an objection on the grounds that discovery was not yet complete and that Mr. Niksich had not yet seen Wilson's profit documentation. This objection is irrelevant, but for purposes of full disclosure, the complete portion of that portion of the transcript is filed herewith as Exhibit H.

Q:  All right.  What could you tell me about this topic, if
anything?

A:  I can't.

. . . .

Q:  Look, the best you can tell me now, tell me the damages, at
least the types of damages, you're seeking from Wilson.

A:  And I'm going to restate again, pay the profits that you
profited from January 1st to whenever you ceased selling the
inappropriate Sampras image on the ball pick-up.

Q:  Uh-huh.

A:  Pay my attorneys fees, I'm done.

Q:  Okay.  What has Unique produced in this litigation to
support its attorneys fees claim?

A:  Conversation with Mr. Wolfson and your associates.

. . . .

Q:  Okay.  But you're claiming attorneys fees but to your
knowledge, you haven't produced any evidence of that?

A:  It's up to my attorneys.  I mean I'm not trying to dodge you.
It's up to the attorneys to produce it.

(E. Niksich Dep. at 242-46 (Ex. H).)  Unique failed to prepare its corporate

representative as required; the representative even admitted that he did not prepare:

Q:  Can you tell me what you've done to prepare for testifying
about the topics that are listed in Exhibit A?

A:  I mean I'm not involved in this business in every aspect so
preparation is unnecessary.

9

Q:  Did you look at any documents to prepare yourself?

A:  Not lately.

. . . .

Q:  Okay.  But I guess my question is did you do anything to
specifically – did you review any documents for the purposes of
informing yourself, in preparing yourself to testify about the
topics that are listed in Exhibit A?

A:  No, when I read this, no, I have not.

Q:  Okay.  If I understand your answers correctly, I think it's –
is it fair to say then that you believe based on your knowledge
of the business that you are prepared to testify about these
topics without any independent preparation?

A:  Yes.

(Id. at 36-37.)

"Rule 30(b)(6) placed the burden on plaintiff to designate a corporate

representative having knowledge of the matters noticed."  Goodyear Tire &

Rubber Co. v. Great Southwest Express Co., Civil Action No. 2:04-CV-69-WC,

2006 WL 587600, *2 (N.D. Ga. Mar 10, 2006).  A business is required to prepare

the corporate representative so that the deponent gives "'complete, knowledgeable

and **binding** answers on behalf of the corporation'."  Starlight Int'l., Inc. v.

Herlihy, 186 F.R.D. 626, 638 (D. Kan. 1999) (citation omitted) (emphasis added);

see id. at 638-39; see also King v. Pratt & Whitney, 1161 F.R.D. 475, 476 (S.D.

Fla. 1995).

"Upon notification of a deposition, the corporation has an obligation to investigate and identify and, if necessary, prepare a designee for each listed subject area." Poole v. Elliott, 192 F.R.D. 494, 504 (D. Md. 2000). The duty extends to counsel for the party. Id. The obligation on the representative is to testify as to "the knowledge of the corporation, *not* the individual." Id. Mr. Nikisch admitted he did nothing to prepare for his deposition and that he relied solely on his personal knowledge. This puts Unique in violation of Rule 30(b)(6). Unique's corporate representative also failed to testify that it lost an alleged $100,000 in profits or how that amount was calculated. As a result, an additional deposition of a corporate representative after production of documents and supplementation of its mandatory disclosures (and after the witness is prepared) is warranted.[9]

### C. Unique Failed to Provide Any Additional Information in Response to Direct Interrogatories and Requests for Documents.

Although Unique had a responsibility to provide information supporting its claims for alleged damages pursuant to the Initial Disclosures and under Rule

---

[9] In Starlight, the court found that the failure to prepare the witness adequately was sanctionable conduct and imposed monetary sanctions. Starlight Int'l., Inc., 186 F.R.D. at 640 ("The mere fact that a party later has opportunity to again depose the representative does not cure the initial inadequacy of the witness."). Although Wilson does not now seek sanctions hoping that the discovery deficit will be cured, Wilson reserves its rights to request all relief the Court deems proper.

30(b)(6), Wilson also requested the information as well as in Interrogatories and

Requests for Production of Documents:

> **Interrogatory No. 13:**    Identify each specific element of
> damages that you are claming in this action, and for each such
> element, provide the specific basis for determining the amount
> so claimed.

> **Response to Interrogatory No. 13**:  Plaintiff objects to this
> Interrogatory because it is grossly overbroad, unduly
> burdensome, premature and seeks information, in part,
> protected from disclosure by the attorney/client privilege and/or
> work product doctrine.  Plaintiff states that its investigation into
> the facts and law related to this case is continuing, and
> specifically reserves the right to supplement this response.

> **Interrogatory No. 14:**  Identify, describe with particularity and
> quantify each item of claimed expenses or damages incurred by
> you as a result or consequence of Wilson marketing, offering
> for sale, or selling the [70 Ball Pickup] on or after December
> 31, 2004, other than alleged lost sales of Unique's own tennis
> ball hopper.  This interrogatory includes, but is not limited to, a
> specific breakdown of any legal fees and litigation expenses
> claimed by you in this litigation.

> **Response to Interrogatory No. 14:**  Plaintiff objects to this
> Interrogatory because it is grossly overbroad, unduly
> burdensome, premature and seeks information, in part,
> protected from disclosure by the attorney/client privilege and/or
> work product doctrine.  Plaintiff states that its investigation into
> the facts and law related to this case is continuing, and
> specifically reserves the right to supplement this response.

(Ex. D, Nos. 13 and 14.)  Unique simply objected and did not respond.[10]

---

[10]    Unique did not identify what information sought would have been subject to
the attorney-client privilege and/or the work product doctrine and the basis for that

Unique also stymied Wilson's efforts to obtain documents related to the

damages sought:

> **Request No. 11:**  Please produce all documents that relate to,
> support or evidence any claim for damages suffered by you as a
> result or consequence of Wilson's marketing or sale of the [70
> Ball Pick Up] after January 1, 2005, bearing the image or
> likeness of Pete Sampras on the package.
>
> **Response to Request No. 11:**  Plaintiff objects to this Request
> because it is overbroad, unduly burdensome, unlikely to lead to
> the discovery of admissible evidence[11], premature, seeks to
> have Plaintiff render a legal conclusion and seeks in part
> documents protected by the attorney/client privilege and/or the
> work product doctrine.  Subject to and without waiving
> Plaintiff's objections, Plaintiff will produce all non-privileged
> documents in its possession, custody, or control that are
> responsive to this Request. . . . Plaintiff also states that it is still
> investigating this matter, discovery is ongoing and Plaintiff
> specifically reserves the right to supplement this request.

(Ex. E No. 11.)  Despite Unique's claim that it would provide such documents, it

has not.

Similarly, it appears that Unique may not have produced all documents

relating to its expenses.

> **Request No. 12:**  Please produce all documents that relate to,
> support or evidence your claim for any type or form of

---

information being withheld (if any even exists).

[11]   Such an objection is presumptively improper given that this Court's rules and
the Federal Rules of Civil Procedure both contemplate automatic, mandatory
discovery regarding alleged damages.

expenses, costs or damages other than damages relating to lost sales suffered or incurred by you as a result or consequence of Wilson's marketing or sale of the [70 Ball Pickup] after January 1, 2005, bearing the image or likeness of Pete Sampras on the packaging.

**Response to Request No. 12:**  Plaintiff objects to this Request because it is overbroad, unduly burdensome, unlikely to lead to the discovery of admissible evidence[12], premature, seeks to have Plaintiff render a legal conclusion and seeks in part documents protected by the attorney/client privilege and/or the work product doctrine.  Subject to and without waiving Plaintiff's objections, Plaintiff will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request. . . . Plaintiff also states that it is still investigating this matter, discovery is ongoing and Plaintiff specifically reserves the right to supplement this request.

(Id. Req. No. 12.)  Although Wilson asked for evidence of Unique's expenses, and did receive some documents from Unique that purport to show expenses for which Unique is seeking reimbursement, Unique has refused to delineate whether those are *all* of the documents involved or whether there is more.  Without confirmation, Wilson is at a loss to know what else Unique might be planning to spring on it at a later date.  The response to the discovery request leaves that answer open to further supplementation (which Unique has not done).

---

[12]   See note 11, supra.

## III.   <u>CONCLUSION</u>

In sum, Wilson cannot fathom any reason why Unique has not provided the required information – either in written discovery or at Unique's corporate representative deposition – or why the Court should not compel it to do so.  Of course, we expect Unique to oppose this motion and claim that it has provided all necessary and proper information (and likely file a retaliatory motion to compel); however, the simple facts remain:  Unique has not provided (1) a computation of, or support for, its attorneys' fees claims – which Wilson believes to be at least (if not more) three-times the value of any actual damages or Wilson's profits; (2) either a computation of, or support for, its lost profit claims or any other actual damages; (3) a complete analysis of its expenses; and (4) a prepared corporate representative to testify about these claims.  Wilson is entitled to a more comprehensive answer than that Unique wants to be made "whole."

Accordingly, Wilson respectfully requests that the Court order Unique to provide full responses to written discovery and to allow Wilson to depose a corporate representative of Unique about those responses.  Or, in the alternative, Wilson asks the Court to order that Unique may not be able to use any information not produced before the close of discovery "at a trial, at a hearing, or on a motion." Rule 37(c)(1); <u>see also</u> <u>Solomon v. Waffle House, Inc.</u>, 365 F. Supp. 2d 1312, 1332

(N.D. Ga. 2004) (limiting plaintiff's evidence at trial regarding damages to plaintiff's discovery responses).  Wilson also requests the Court to award it any additional relief that the Court may deem appropriate under the circumstances.

AT1 32339962.1

## IV.   **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that this pleading has been prepared in compliance with LR 5.1(B), N.D. Ga., using Times New Roman 14 point type.

Respectfully submitted,

*/s/ Erika C. Birg*
Erika C. Birg
Georgia Bar No. 058140
Attorney for Defendant
Wilson Sporting Goods Co.

SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street, NE
Suite 700
Atlanta, Georgia 30309-2401
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
Email:  ebirg@seyfarth.com

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNIQUE SPORTS PRODUCTS, INC.,** a Georgia corporation,     )<br>     )<br>     )<br>     )<br>          **Plaintiff,**     )<br>     )<br>          **v.**     )<br>     )<br>**WILSON SPORTING GOODS CO.,**  a Delaware corporation,     )<br>     )<br>     )<br>          **Defendant.** | **CIVIL ACTION FILE NO. 1:05-CV-1816-JEC** |

**CERTIFICATE OF SERVICE**

This is to certify that on July 13, 2006, I electronically filed

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION

TO COMPEL DISCOVERY FROM PLAINTIFF REGARDING ALLEGED

DAMAGES with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorneys of

record :

James J. Wolfson, Esq.
Gail Podolsky, Esq.
GREENBERG TRAURIG, LLP
3290 Northside Parkway, Suite 400
Atlanta, GA 30327

AT1 32339962.1

This 13th day of July, 2006.

By:  _/s/ Erika C. Birg_
Erika C. Birg
Georgia Bar No. 058140
Attorney for Defendant
Wilson Sporting Goods Co.

SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street, NE
Suite 700
Atlanta, Georgia 30309
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
Email:  ebirg@seyfarth.com